PER CURIAM:
The claimant brought this action for damage to a 1993 Mazda, which occurred when the vehicle encountered a large hole on the edge of a road maintained by the respondent in Mercer County.
The incident giving rise to this claim occurred on June 13, 1998, at approximately 2:45 p.m. The claimant was driving northbound on Brickyard/Gardener Road (County Routeló) at approximately 35 miles per hour. Route 16 in this area is a two-lane paved road that is low priority in terms of maintenance. Each lane is 10 feet wide. The evidence adduced at hearing was that as the claimant proceeded around a comer, she encountered another vehicle in the oncoming lane. The claimant steered toward the outside edge of her lane, whereupon her vehicle struck a large hole on the edge of the pavement. The claimant’s vehicle sustained two flat tires and two bent rims and was knocked out of alignment. The claimant submitted a number of repair bills in the total amount of $575.29. She carried a $500.00 insurance deductible.
The hole was described as roughly the size of a basketball. Part of it was in the traveled portion of the lane and the other part was on the outside edge of the pavement. The claimant testified that she was familiar with the road and drove it every day. The respondent had been patching the road in this area on three occasions in April and May 1998.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. In order to hold the respondent liable for defects of this nature, the claimant must prove that the respondent had actual or constructive notice and failed to take reasonable and timely remedial action. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The record indicates that the claimant was aware of the road conditions in question and that the respondent had taken reasonable steps to keep this low priority road in passable condition. Therefore, in view of the foregoing, the Court is constrained by the evidence to deny the claim.
Claim disallowed.